UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHANGZHOU KOOP MACHINERY CO., LTD., a Chinese corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EAOA, INC., a Nevada corporation in default,<br><br>　　　　Defendant. | Case No. 2:16-cv-01715-APG-CWH<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>(ECF No. 12) |

　　　　Plaintiff Changzhou Koop Machinery Co., Ltd. moves for default judgment against defendant EAOA, Inc. ECF No. 12. Obtaining a default judgment under Federal Rule of Civil Procedure 55 is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

　　　　Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (CD. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811,814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

　　　　I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiffs' substantive claims; (3)

the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72.

Changzhou has satisfied the procedural requirements for default judgment. EAOA has not participated in this case and default has been entered against it. ECF No. 11. Thus, there is no procedural impediment to entering a default judgment.

Turning to the *Eitel* factors, the first factor considers whether the plaintiff will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (CD. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). In this case, Changzhou will suffer prejudice absent a default judgment because it has attempted to litigate this matter but has been frustrated by EAOA's refusal to participate in the case. Absent a default judgment, there is no other avenue for Changzhou to pursue its claims on the merits. Thus, this factor weighs in favor of an entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8. Changzhou's complaint is well pleaded and asserts meritorious claims. Thus, the second and third *Eitel* factors weigh in favor of an entry of default judgment.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176. Changzhou seeks a judgment in the amount of $2,038,580.00, representing the damages it incurred for EAOA's failure to pay for the diesel generators Changzhou provided to EAOA. ECF No. 12 at 3-4. This amount is reasonable, is

related to EAOA's failure to pay for the goods, and Changzhou has supported its requested damages with evidence in addition to the fact that the allegations in the complaint are deemed admitted upon default. ECF No. 12 and attached exhibits. Therefore, the fourth *Eitel* factor weighs in favor of default judgment.

The fifth *Eitel* factor weighs the possibility of a dispute regarding any material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). There is no possibility of disputed facts because EAOA failed to participate in this case and rebut Changzhou's allegations. Thus, the fifth *Eitel* factor weighs in favor of an entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. EAOA was properly served and had ample opportunity to participate in this litigation. There is no indication that its decision to not participate is the result of excusable neglect. Thus, the sixth *Eitel* factor weighs in favor of an entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the defaulting defendants' refusal to participate in discovery and their unwillingness to comply with court orders "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment here. Under these circumstances, default judgment in favor of Changzhou and against EAOA is warranted.

IT IS THEREFORE ORDERED that plaintiff Changzhou Koop Machinery Co., Ltd.'s motion for default judgment **(ECF No. 12) is GRANTED**. The clerk of court shall enter judgment in favor of plaintiff Changzhou Koop Machinery Co., Ltd. and against defendant EAOA, Inc. in the amount of $2,118,943.86, representing principal of $2,038,580.00, pre-

judgment interest in the amount of $79,963.86,[1] and costs of suit pursuant to Federal Rule of Civil Procedure 54 in the amount of $400.00.

DATED this 31st day of March, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Under Nevada Revised Statutes § 17.180, prejudgment interest is calculated from the date of service of the Summons and Complaint (July 25, 2016) to the date of entry of this judgment. That calculation is based on the interest rate as of January 1, 2017 (3.75%) plus two percent, for a 5.75% interest rate. That rate yields a per diem amount of $321.14 per day.